IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs November 1, 2016

**STATE OF TENNESSEE v. DAVID T. MORROW**

**Appeal from the Criminal Court for Shelby County
No. 01-07974, 02-02291    Glenn Ivy Wright, Judge**

_____

**No. W2016-00914-CCA-R3-CD  -  Filed November 16, 2016**

_____


The appellant, David T. Morrow, appeals the summary denial of his Motion to Correct Illegal Sentence pursuant to Tennessee Rule of Criminal Procedure 36.1.  The appellant's sentences have expired.  He argues, however, that he is entitled to relief because he received concurrent sentences instead of statutorily required consecutive sentences, and the trial court erred in summarily denying his motion without a hearing.  Following our review, we conclude the appellant does not state a colorable claim for relief, and we affirm the judgment of the trial court.

 **Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed.**

J. ROSS DYER, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and CAMILLE R. MCMULLEN, JJ., joined.

 Patrick E. Stegall, Memphis, Tennessee, for the appellant, David T. Morrow.

Herbert H. Slatery III, Attorney General and Reporter; Courtney N. Orr, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Lora Fowler, Assistant District Attorney General, for the appellee, State of Tennessee.


**OPINION**


On October 8, 2000, the appellant was arrested and charged with unlawful possession of a controlled substance with intent to sell or deliver.  While released on bail, the appellant was arrested and charged with failure to appear.  The appellant pled guilty to both offenses, and the trial court sentenced him to concurrent two year sentences.

On August 22, 2013, the appellant filed a "Motion to Correct Illegal Sentences pursuant to Tennessee Rule of Criminal Procedure 36.1," arguing that his concurrent sentences were illegal because he committed the failure to appear while released on bail. The trial court summarily denied the motion, and the appellant appealed. This Court held the appellant stated a colorable claim for relief under Rule 36.1 and remanded the case to the trial court for appointment of counsel and further proceedings. *State v. David Morrow*, No. W2014-00338-CCA-R3-CO, 2014 WL 3954071 (Tenn. Crim. Ct. App. Aug. 13, 2014).

Upon remand and after appointment of counsel, the appellant filed an "Amended Motion to Correct Illegal Sentence," arguing that his sentence was illegal because consecutive terms are mandated by both Tennessee Code Annotated section 40-20-111 and Tennessee Rule of Criminal Procedure 32(c)(3)(C). Relying on the Tennessee Supreme Court's recent decision in *State v. Brown,* 479 S.W.3d 200 (Tenn. 2015), the trial court summarily dismissed the appellant's amended motion because his sentences were expired. This timely appeal followed.

*Analysis*

The appellant argues that the trial court erroneously denied his motion without a hearing. Though conceding his sentences have expired, he argues that he is not precluded from relief and is entitled to an evidentiary hearing. The State argues that the appellant is not entitled to relief under Rule 36.1 because his sentences have expired. We agree with the State.

Tennessee Rule of Criminal Procedure 36.1 provides that the appellant "may at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered." Tenn. R. Crim. P. 36.1(a)(1). "A motion to correct an illegal sentence must be filed before the sentence set forth in the judgment order expires." Tenn. R. Crim. P. 36.1(a)(1). A sentence is illegal if it "is not authorized by the applicable statutes or [it] directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a)(2).

If the court determines that the motion fails to state a colorable claim for relief, the court must enter an order summarily denying the motion. Tenn. R. Crim. P. 36.1(b)(2). "A 'colorable claim' means a claim that, if taken in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *State v. Wooden*, 478 S.W.3d 585, 593 (Tenn. 2015). Whether the defendant has presented a colorable claim for relief under Rule 36.1 is a question of law, which this Court reviews de novo without a presumption of correctness. *Id.* at 589.

In *State v. Brown*, 479 S.W.3d 200 (Tenn. 2015), our Supreme Court addressed the issue of whether Rule 36.1 may be used to correct illegal sentences that have expired. The Court in *Brown* stated:

> Rather than adopt an interpretation of Rule 36.1 that is not supported by the expressed purpose or language of Rule 36.1, that is not consistent with the jurisprudential context from which Rule 36.1 developed, and that has the potential to result in unconstitutional applications of Rule 36.1, we hold that rule 36.1 does not expand the scope of relief and does not authorize the correction of expired illegal sentences. Therefore, a Rule 36.1 motion may be summarily dismissed for failure to state a colorable claim if the alleged illegal sentence has expired.

*Id.* at 211.

The appellant has conceded that the sentences at issue have expired. The record, although sparse, also indicates the appellant's sentences expired over ten years ago. Rule 36.1 does not authorize relief from expired illegal sentences. The trial court was correct in denying the appellant's motion for failure to state a colorable claim for relief. We, therefore, affirm the judgment of the trial court.

_____
J. ROSS DYER, JUDGE